**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY BAKER,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| **SCI ROCKVIEW, et al.,** | : | **NO.  21-CV-3216** |
| *Respondents.* | : | |

**<u>MEMORANDUM</u>**

**KENNEY, J.**                                                                                      **JULY 19, 2024**

On April 11, 2024, Petitioner filed a Motion Requesting Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (ECF No. 32). In consideration of that motion and Respondent's Response (ECF No. 35) in opposition, the Court will deny Petitioner's Motion with prejudice, for the reasons stated below.

Petitioner brings this action under both Fed. R. Civ. P. 60(b)(1) and (6). However, as noted by Respondents in their response (ECF No. 35), only Rule 60(b)(1) is appropriate for this action because Petitioner alleges the Court committed a mistake in the form of legal error. Rule 60(b)(6), by contrast, is a provision that is used for "any other reason that justifies relief" which is not found in the other subsections of Rule 60(b). Accordingly, the Court will review Petitioner's motion under Rule 60(b)(1) only.

Because this is a federal habeas action, the Court must evaluate whether this Rule 60(b) motion is an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district

court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the U.S. Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, consequently, not available to a state prisoner seeking habeas relief. The Court explained that a Rule 60(b) motion is inconsistent when it is construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Court further instructed that a petitioner also advances a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition or challenges a

2

"defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.5.

Here, Petitioner's motion fails as a "true" Rule 60(b) motion for three reasons. First, Petitioner asserts that this Court "mistakenly forgot to consider the factors" set forth in *Johnson v. Superintendent Fayette SCI*, 949 F.3d 791 (3d Cir. 2020), "as [they] pertain[] to overwhelming evidence." ECF No. 32 ¶ 3. In *Johnson*, the Third Circuit reversed the district court's judgment and granted habeas relief to the petitioner because, in part, the jury "struggled" for six days to reach a unanimous verdict against the petitioner. *Johnson*, 949 F.3d at 806. In *Johnson*, the Third Circuit "join[ed] [its] sister circuits in holding that the length of jury deliberations may be one consideration in assessing the strength of the prosecution's case." *Id.* at 805. However, the length of jury deliberations is only particularly compelling in situations where there is an absence of overwhelming evidence, and the deliberation is longer than the trial itself. *Id.* at 805-06.

Petitioner points to *Johnson* to assert that the Court, in denying Petitioner's habeas claim, erred in not considering the length of the jury's deliberations – approximately thirteen hours – to reach a unanimous verdict. ECF No. 32 ¶¶ 4-5. However, in denying Petitioner's habeas petition, this Court explicitly addressed the factor of jury deliberation length as set forth in *Johnson*, determining it to be of "minimal consequence." ECF No. 26 at 19. In *Johnson*, the deliberation length was "considerable" because it was six days long, a day longer than the five-day trial. 949 F.3d at 805. In the present case, jury deliberations took two days less than the trial: the trial itself was five days long, while jury deliberations took just three. ECF No. 1 at 26-29. The Court deemed that the length of jury deliberation was "appropriate" given the substantial evidence presented to the jury. ECF No. 26 at 29. Thus, the Court factored the length of jury deliberations into its analysis

but still found the evidence against Petitioner to be overwhelming. *Id.* at 19 n.5. This issue was thus addressed in this Court's memorandum denying habeas relief. *See generally id.*

Second, Petitioner's use of Rule 60(b) violates 28 U.S.C. § 2244(b)(1) by improperly seeking a second or successive habeas relief claim. Petitioner previously sought habeas relief in July 2021, ECF No. 1, which was denied by this Court in August 2023, ECF No. 26. Here, Petitioner files a motion under Rule 60(b) that advances the same claim regarding the length of jury deliberations as made in the first habeas petition. This type of claim is of the exact nature that *Gonzalez* warned federal courts about: when a petitioner "attacks the federal court's previous resolution of a claim *on the merits*." 545 U.S. at 532 (emphasis in original). Petitioner does not bring forth "some defect in the integrity of the federal habeas proceedings," which *Gonzalez* allows as a proper Rule 60(b) motion. *Id.* Because Petitioner invokes a Rule 60(b) claim improperly as a second habeas claim, Petitioner's claim is statutorily barred by 28 U.S.C. § 2244(b)(1).

Third and lastly, Rule 60(b) cannot be used as a substitute for appeal to relitigate issues that have already been addressed by the court, unless there are "exceptional circumstances." *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999) (quoting *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 653 (3d Cir. 1998)). The Court finds no evidence of exceptional circumstances in the case at hand.

For the foregoing reasons, Petitioner's motion for relief from judgment pursuant to Rule 60(b) is dismissed with prejudice.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

4